UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| LILIAN K. LATAN, ) | Case No.: 19-10273 BLS |
| ) | Chapter 13 |
| Debtor. ) | |

**FIRST AMENDED CHAPTER 13 PLAN**

I. **Notice**

   NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

   ☐ The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor.
   ☐ The plan will seek avoidance of a lien or security interest.
   ☐ The plan contains nonstandard provisions in paragraph VI.

II. **Plan Payments and Length of Plan:** The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of $907.00 a month for 60 months.

III. **Plan Distribution:** From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

   1. **Priority Claims:**
      Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.
      X☐ (A) Debtor's Counsel Fees-$2600.00 to Nina Pappoulis.  To be paid prior to other disbursements.
      X☐ (B) Priority Taxes: 1) State of DE $471.13 for 2018 income taxes.
      ☐ (C) Domestic Support Obligations_____
      ☐ (D) Other Priority or Administrative Expenses: N/A.

   2. **Secured Claims**–(boxes must be checked)
               ☐ X Pro-rata with or

subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

X☐ (A) Long term or mortgage debt – PRE-PETITION ARREARAGE ONLY, to be paid to Bayview Financial for the 1st mortgage $40,000.00 (total amount of pre-petition arrears for the real property of 1 Emerson Court, Middletown, DE).

x☐  Debtor shall continue to make regular post-payments directly to Bayview Financial. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

X☐ (B) Secured Vehicle debt **(910) – Pro-rata payments to: Capital One Finance in the full amount of the vehicle claim for the 2011 Hyundai Sonata. Total payments will be $6,902.00, which includes 6.25% interest.**

☐ (C) Secured Vehicle debt (cramdown) – N/A.

☐ (D) Other secured debt: N/A.

3. **Surrender of Collateral and Co-Debtor Relief:**
   (A) Debtors surrender secured collateral to: N/A.

   (B) Co-Debtor relief under 11 USC Section 1301 is granted effective immediately upon confirmation of the Plan as to surrendered property.

4. **Unsecured Claims:**
   Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

   General unsecured creditors will be paid ☐ a dividend of 100% of their allowed claim or ☐ a pro rata dividend of
   ☐ 1. _____ BIOC or
   ☐ 2. Disp. Income x 60 months as calculated under Section 1325(b), or
   X☐ 3. a pro-rata dividend from the base plan, if any.

IV. **Leases or Executory Contracts:**   (If applicable)   The following leases or executory contracts of the debtor will be treated as follows:

V. **Vesting of Property:**   Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

VI. **Nonstandard Provisions**: N/A.

**VII. Filing Proof of Claim Required**:   A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms, then click on Bankruptcy Forms, the Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

/s/ Lilian K. Latan                                       3/11/2019
Debtor's Signature                                      Date


**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**


/s/ Christina Pappoulis                                3/11/2019
Attorney for Debtor(s)                                 Date


_____           _____
Self-represented Debtor(s)                            Date

```
                              PLAN ANALYSIS

Debtor: LILIAN K. LATAN                          Case#: 19-10273 BLS

Prior: Bankruptcy ( )  Chapter 13 ( )            Date:

Estimated length of plan sixty (60) months.      Trustee Use

                                                 341 Meeting Date: _____

                                                 Continued: _____

                                                 Confirmed Date: _____


TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A. TOTAL PRIORITY CLAIMS (Class One)
   1. Unpaid attorney's fees...............................$ 2600.00
   2. Taxes .............................................$  471.13
   3. Other .............................................$    0.00
B. TOTAL OF PAYMENTS TO CURE DEFAULTS Class Two)...........$ 40000.00
C. TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three).......$ 6902.00
D. TOTAL OF PAYMENTS ON UNSECURED CLAIMS (Class Four)......$    0.00
E. SUBTOTAL ..............................................$49973.13
F. TOTAL TRUSTEE'S COMPENSATION (10% of debtor's payments)...$ 4497.00
G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES ..................$54470.13
_____

                      RECONCILIATION WITH CHAPTER 7

H. INTEREST OF CLASS FOUR CREDITORS IF CHAPTER 7 FILED
   1. Value of debtor's interest in non-exempt property ........$
   2. Plus: value of property recoverable under avoiding powers $
   3. Less: estimated chapter 7 administrative expense .........$
   4. Less: amounts payable to priority creditors other than
         costs of administration ............................$
   5. Equals: estimated amount payable to Class 4 creditors
           if Chapter 7 filed (if negative, enter zero) .....$
I. ESTIMATED DIVIDEND FOR CLASS FOUR UNDER CHAPTER 7 ............$
J. ESTIMATED DIVIDEND UNDER PLAN.................................$


/s/Christina Pappoulis, Esquire      /s/ Lilian K. Latan_____
Christina Pappoulis                  Debtor
Attorney for Debtor(s)
```